955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
William S. TRACEY Defendant-Appellant.
 No. 90-10587.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.**
Decided Feb. 19, 1992.
 
 Before CHAMBERS, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Stephen Tracey appeals his conviction, following a jury trial, for two counts of perjury before the grand jury and one count of obstruction of justice, in violation of 18 U.S.C. §§ 1623 and 1503. Tracey asserts that the false statements were not material to the grand jury's investigation.
 
 
 3
 We review the materiality of a statement in a perjury case de novo. United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir.1988). A perjury conviction cannot be sustained unless the false testimony was material to the grand jury investigation. 18 U.S.C. § 1623(a). Although the government has the burden of proving materiality, the government need not show that the false testimony actually impeded the grand jury investigation, but need only show that the testimony was relevant to "any issue under consideration by the grand jury." Id., at 1404, citing United States v. Kelly, 540 F.2d 990, 993 (9th Cir.1976), cert. denied, 429 U.S. 1040 (1977).
 
 
 4
 The grand jury was investigating the possibility of a kickback scheme involving certain members of the California Highway Patrol and Tracey. Portions of the investigation focused on sources and disposal of Tracey's income. His statements regarding whether he had filed income tax returns were indeed material. Whether or not he paid Patrick Waddell wages was also material.
 
 
 5
 Tracey asserts his conviction for obstruction of justice should be reversed because no showing was made that he acted with evil or wicked purpose or specific intent to impede the administration of justice. We have held that the specific intent required for obstruction of justice under § 1503 is that defendant must have acted "corruptly," i.e.,. that the act must be done with the purpose of obstructing justice. United States v. Laurins, 857 F.2d 529, 536-37 (9th Cir.1988), cert. denied, 492 U.S. 906 (1989). An evil or wicked purpose is not required. Tracey's false statements to the grand jury obstructed their investigation.
 
 
 6
 We affirm the district court.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3